Franks et al. vs. Hamilton.

Hood, for plaintiff in error.

Douglass & Douglass, *contra.*

WILLIAM L. FRANKS, et al., plaintiffs in error, vs. DAVID B. HAMILTON, defendant in error.

A bond was conditional, to be void, if the obligors paid a note endorsed by the obligee, "so that, in no event, it" should "be collected, or attempted to be collected, from" him.

*Held,* That a collection of the note, from him, or an attempt at it, was essential to constitute a breach of the condition.

Debt on bond.   Tried before Judge Love, in Houston Superior Court, April Term, 1859.

Suit was brought, in Houston Superior Court, by David B. Hamilton, against William L. Franks and Clemenia J. Stephens, on a bond, in the sum of one thousand dollars, made by said defendants and payable to plaintiff.   The bond was dated 23d September, 1852.   The condition was as follows: That " whereas, Alexander W. Stephens, late of said county of Houston, and State of Georgia, but now deceased, did, in his lifetime, make and execute a certain promissory note of the amount of two hundred and fifty dollars, due 1st day of January, 1849, with interest from the 1st day of January, 1848, to the said David B. Hamilton, in part payment of a town lot in the village of Hayneville, and county of Houston, State of Georgia; and whereas, the said David B. Hamilton did endorse the said note, or otherwise become responsible for the payment of the said note to David Gunn, in his lifetime; now, if the said William L. Franks and C. J. Stephens do well and truly pay or cause to be paid, the aforesaid promissory note, so that, in no event, it shall be collected, or attempted to be collected, from the aforesaid David B. Hamilton, endorser as aforesaid, then this obligation to be null and void, &c."

Counsel for plaintiff read in evidence this bond ; and then proved by Peter S. Humphries, that the note, referred to in the bond, had been placed in his hands for collection by the administrator of David Gunn ; and that David B. Hamilton at that time, and now, lived in the State of Mississippi, or out of the State of Georgia.

Plaintiff then offered in evidence the note, defendants objected.

The Court overruled the objection, admitted the note and defendants excepted.

Plaintiff then proved that he had conveyed to Lunsford Pitts, the lot mentioned in the bond, and taken from Pitts a bond similar to the one made by Franks and Clemenia J. Stephens. Pitts conveyed the lot to defendants, upon their agreeing to substitute their bond for his.

Plaintiff then closed his case, and defendants moved a nonsuit. The Court overruled the motion, and defendants excepted.

The Court then charged the jury, that if the evidence showed that an attempt had been made to collect the note out of the plaintiff, that it was a breach of the bond by defendants, and the plaintiff had the right to recover damages to the amount of the principal and interest due on the note.

To this charge defendants also excepted, and now assign the same and the aforesaid rulings for error.

GILES, for plaintiff in error.

WARREN & GOODE, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Ought the Court to have granted the motion for a nonsuit? We think so.

We think, that the proof failed to show a breach of the condition of the bond. The condition was, that the bond was to be void, if the obligors paid the note, " so, that, in no event, it" should " be collected, or attempted to be collected, from" the endorser, Hamilton. A collection of the note from Hamilton, or an attempt at its collection from him, was therefore, essential to a breach of the condition. Does the evidence show either? It does not. It merely shows, that the note was put into the hands of attorneys for collection. It does not show, that the attorneys had collected it from Hamilton, or had attempted to do so. It rather shows the contrary;

for it shows, that, when the note was put in the hands of the attorneys for collection, Hamilton was out of the State, a resident of Mississippi.

Judgment reversed.